## SMITH v. FORT.
### No. 3995.

Court of Civil Appeals of Texas. Amarillo. April 5, 1933.

R. L. Graves, of Brownfield, for appellant.

Joe J. McGowan, of Brownfield, for appellee.

MARTIN, Justice.

Appellee agreed in writing with appellant to sell and convey to him a section of land in.

New Mexico and to deliver state leases on another section. The only part of the consideration for same which is material here is as follows: The assumption of the payment of $1,920 owing on the land to be conveyed, in three equal payments due in 1933, 1934, and 1935. The written contract further provided:

"First party is to furnish abstract showing a good and merchantable title subject to the indebtedness above mentioned, together with a good and sufficient deed of conveyance to above described lands.

"First party shall have sufficient time, not to exceed thirty days in which to have abstract and deed of conveyance prepared and second party shall have sufficient time not to exceed ten days in which to have abstract examined, and should defects appear in title, then first party shall have sufficient time, not to exceed ten days, in which to have the defect cured."

Appellee filed suit alleging the breach of the contract by appellant. He made the contract a part of his pleadings. His prayer was for judgment for $640 forfeit money. Appellee's amended original petition upon which he went to trial neither alleged (1) a performance of the conditions required of him by the contract, nor (2) a tender of such performance, nor (3) a valid excuse for his failure to do one or the other. He particularly failed to allege that the abstract which he delivered showed a merchantable title. His petition showed that he tendered a deed, but was void of allegations showing a tender of state leases called for by his contract, nor did he allege in his first amended original petition that he was ready, able, and willing to perform his part of the contract. In a pleading filed subsequent to his first amended original petition, and denominated "Plaintiff's Answer to Defendant Smith's Answer and Cross Action," he pleaded in part: "That at the time he delivered said abstract of title to defendant, Smith, for examination, he then advised Smith that there was some slight variance between the actual indebtedness against said land and that called for in said contract of sale, but that this plaintiff would adjust that to meet with the terms and conditions of said sales contract, or to suit the pleasure and convenience of defendant, Smith, and that the defendant, Smith, stated at that time that that would be all right."

It is admitted that the abstract delivered showed a lien against the section sold which was given to secure four notes of $533.33 each, due respectively in 1933, 1934, 1935, and 1936. These, of course, were not in compliance with the contract. There was no proof offered that state leases had been delivered or tendered on the additional section of land.

It is elementary that a party to a contract who is himself in default cannot maintain a suit for its breach. He must either allege a performance of the conditions it imposes upon him or a valid legal excuse for his failure to do so. 13 C. J. pp. 725, 726; Shuttuck v. Griffin, 44 Tex. 566; Matthews v. Deason (Tex. Civ. App.) 233 S. W. 330; Shepard v. Weiss (Tex. Civ. App.) 28 S. W. 355. The delivery or tender of an abstract showing merchantable title and of valid state leases were both conditions precedent to any right of appellee to the recovery of the forfeit money in question. Until and unless he performed or tendered performance of these or alleged a legal excuse for his failure to do so, the appellant was not in default. Obviously appellant breached no contractual obligations by refusing to pay for something materially different from or of less value than what he bought. The petition sufficiently alleged the breach of the contract by appellant, but wholly failed to show a legal right in appellee to the forfeit money. The one is as indispensably necessary as the other. Nor is this fatal defect subsequently cured by the insertion of the additional allegations referred to above in what was intended as a supplemental petition, though otherwise denominated. A supplemental petition could not thus be made to perform the office of an amended petition. Its function is to reply to other pleadings, but not to supply what should have been, but was not inserted in the original petition or some amendment thereof. Crescent Insurance Co. v. Camp, 64 Tex. 521; Putnam Supply Co. v. Chapin (Tex. Civ. App.) 45 S.W.(2d) 283; Atlas Metal Works v. City of Dallas (Tex. Civ. App.) 30 S.W.(2d) 431. The substance of other allegations in the supplemental petition is that the defects in the title would have been cured if any objection had been pointed out. It was not necessary to point out a defect in the title which was known to the seller at the time he delivered the abstract. 39 Cyc. 1522; Middleton v. Moore (Tex. Civ. App.) 4 S.W.(2d) 988. This would be an idle ceremony. Besides, the obligation was contractual to furnish title to the land with a specific character of indebtedness against it and to deliver state leases. The appellee failed to allege a compliance with these stipulations or a valid legal excuse for his failure to do so. Appellant's general demurrer to appellee's first amended original petition should have been sustained.

There may exist reasons which constitute a valid legal excuse for the failure of appellee to perform or tender performance of the conditions of his contract discussed above, but none such, in our opinion, were properly alleged.

Reversed and remanded.