GULF PIPE LINE COMPANY V. W. S. NEAREN ET AL.

No. 7375. Decided April 17, 1940.
Rehearing overruled May 15, 1940.
(138 S. W., 2d Series, 1065.)

*C. T. Duff*, of Beaumont, *John E. Green, Jr.*, and *John P. Bullington*, both of Houston, and *Peveril O. Settle*, of Fort Worth, for plaintiff in error.

After properly holding that the trial court erred in excluding the written agreement made by the Nearens, providing that the Gulf Pipe Line Company should withhold the amount sued for without interest, until all litigation in reference to the Trenton Rock Acre, and the oil produced therefrom, was terminated in favor of the Nearens and Gulf Production Company, the Court of Civil Appeals should have determined the legal construction and effect of such written instrument, instead of remanding the case. Baten v. Campbell, 62 S. W. (2d) 1010; Mann v. Rio Bravo Oil Co., 107 S. W. (2d) 653; Rio Bravo Oil Co. v. Hebert, 130 Texas 1, 106 S. W. (2d) 242.

*M. L. Lefler & E. B. Votaw*, both of Beaumont, for defendants in error.

Irrespective of the questions of interest the trial court correctly held that plaintiffs were entitled to the principal amount due them since all of the parties who were asserting an adverse claim to said funds were before the court and the judgment was conclusive and relieved the pipe line of all liability in connection with the payment of the funds. Dixon v. Sanchez, 127 Texas 191, 91 S. W. (2d) 325; Ward v. Priddy, 57 S. W. (2d) 586; 25 Tex. Jur. 60.

*Robt. L. Sonfield*, of Houston, for intervenors.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

Defendants in error executed a division order to the Gulf Pipe Line Company containing the following provisions:

"First—The oil run in pursuance of this division order shall become the property of the Gulf Pipe Line Company as soon as the same is received into its pipe lines.

"Second—The oil received in pursuance of this division order shall be paid for to the party or parties entitled thereto, ac-

cording to the division of interest shown above, at the price for each day's receips posted on that day by the Gulf Pipe Line Company, for the same kind and quality of oil in the field in which it is received. Settlements therefor shall be made semi-monthly. For the amount due on account of the oil received during the first fifteen days of each calendar month, payment shall be made on or before the twenty-fifth day of such month; and for the amount due on account of the oil received during the balance of such calendar month, payment shall be made on or before the tenth day of the succeeding month. These payments are to be made in checks of the Gulf Pipe Line Company, to be mailed or delivered to the parties thereto entitled.

"Third—The Gulf Pipe Line Company may refuse to receive any oil which may not be merchantable. If necessary to make it so, oil shall be steamed or treated by the well owners before receipt by the pipe line. Upon receipt of the oil the company will make proper deduction for all of the dirt, sediment or other foreign matter in the oil. In addition, the Company will deduct one (1%) per cent to cover loss in handling. Further correction will be made for temperature of the oil purchased, by deducting or allowing on the basis of one twenty-fifth (1-25th) of one (1%) per cent for each degree Fahrenheit above or below sixty degrees Fahrenheit. In making settlement the Gulf Pipe Line Company's grades and measurements shall govern and control.

"Fourth—The undersigned agree, in case of any adverse claim of title to the oil run hereunder, or any part thereof or to the land from which it is run, to furnish to the Gulf Pipe Line Company satisfactory evidence of title, or, in case of failure to do so, to furnish satisfactory indemnity bond, on reasonable demand, against such adverse claim or claims; and that the Gulf Pipe Line Company may retain the purchase price of the oil until such bond shall be furnished, or until the dispute as to  ownership is settled, so as to relieve the Company from all liability for oil received."

The pipe line received and paid for the royalty oil belonging to defendants in error to September 1, 1927. Subsequent to that date the Pipe Line Company received under the division order royalty oil belonging to the defendants in error Manns of the value of $14,014.48 and to defendants in error Nearens $19,620.70 for all of which the Pipe Line Company refused payment on the ground that there was an adverse claim made to the title of the Trenton Rock Area and the value of the oil produced therefrom.

■ Plaintiff in error duly notified defendants in error of the adverse claim and requested that a satisfactory indemnity bond be furnished the Pipe Line Company. Defendants in error refused to furnish a satisfactory indemnity bond. Defendants in error made settlement with the claimants of the adverse assertion of title and demanded payment for the oil with interest thereon from the date that the same was due and payable under the second section of the division order. Upon refusal of the Pipe Line Company to pay the demands of defendants in error this suit was filed seeking a recovery of said sums, together with interest thereon as aforesaid. The adverse claimants intervened. The trial court granted judgment as prayed for by the defendants in error and allowed the intervenors a recovery of $1,000.00 of a part of each defendants in error Manns and defendants in error Nearens, amounting in the aggregate to the sum of $2,000.00. The Pipe Line Company prosecuted its appeal in each of the causes to the Court of Civil Appeals of Texas sitting at Beaumont. The judgment in favor of the Manns was affirmed in its entirety. Judgment in favor of the Nearens was in part affirmed and in part reversed and remanded for another trial. 111 S. W. (2d) 335. The Pipe Line Company sued out writs of error in each cause, both of which were granted. The Court of Civil Appeals stated in its opinion that the intervenors by their intervention and acceptance of judgment against the Pipe Line Company in each case in the sum of $1,000.00 as a part of the royalty money due the Manns and the Nearens, were estopped to prosecute other suits pending in which, it was contended, that the land from which the oil was produced was in another and different survey than the John Douthit Survey in Jefferson County. It is unnecessary for us to pass upon the correctness of that conclusion because plaintiff in error has not assailed the judgments of the trial court and Court of Civil Appeals which awarded defendants in error the value of the aggregate oil runs in its applications for writs of error except the assertion that such sums were barred by the two and four year statutes of limitation. These assignments are obviously without merit in view of our ruling hereinafter to be made. The intervenors filed no motion for rehearing in the Court of Civil Appeals but appear in this Court asserting that the action of the Court of Civil Appeals was fundamentally erroneous. The intervenors are not entitled to assign error in this Court under the above facts even though such errors are claimed to be fundamentally erroneous. Grayce Oil Co. v. Peterson, 128 Texas 550, 98 S. W. (2d) 781.

The real issue, as presented in this Court, between the

Pipe Line Company and defendants in error Manns and Near-
ens, is whether or not under the provisions of the division order
the defendants in error are entitled to interest from the time
as provided in the second section of said division order or
from the time provided for in the fourth section of said divis-
ion order. We have a written contract by and between the
Pipe Line Company and the royalty owners of the oil wherein
no interest is provided in said written contract. If any in-
terest is payable thereunder it is in virtue of an article of
the Texas Statute which is known as Vernon's Annotated Re-
vised Civil Statutes of Texas, 1925, Article 5070, which pro-
vides: "When no specified rate of interest is agreed upon by
the parties interest at the rate of 6% per annum shall be
allowed on all written contracts ascertaining the sum payable
from and after the time when the sum is due and payable."
The query then arises under the division order: when was the
royalty oil purchased by the Pipe Line Company due to be paid
to the owners thereof by the purchaser, the Pipe Line Company?

The Honorable Court of Civil Appeals at Beaumont took
the view that the purchase price for the oil received by the
Pipe Line Company became due and payable as provided under
the second section of the division order, that is that the pur-
chase price shall be made on or before the 25th day of such
month and for the amount due on account of the oil received
during the balance of such calendar month payment shall be
made on or before the 10th day of the succeeding month. If
there had been no adverse claims asserted to the royalty oil
there could be no doubt but that this could be a correct con-
clusion. However, in the fourth section of the division order
the defendants in error agreed in case of any adverse claim
of title to the oil run hereunder, or any part thereof or to the
land from which it is run, to furnish to the Gulf Pipe Line
Company satisfactory evidence of title or in case of failure to
do so to furnish satisfactory indemnity bond on reasonable
demand against such adverse claim or claims and that the
Gulf Pipe Line Company may retain the purchase price of the
oil until such bond shall be furnished or until the dispute as
to ownership is settled so as to relieve the company from all
liability of oil received.

■■ Under the fourth section it is clear to our minds that the
parties intended to provide for alternative provisions in which
a postponement of the time when the purchaser of the oil
would have to pay for it until the adverse claim was settled
or until a satisfactory indemnity bond was furnished to the

oil company. The Pipe Line Company had no right to determine which claimant owned the oil and was not obligated under the division order to litigate the question of ownership for the defendants in error with adverse claimants. Rio Bravo v. Hebert, 130 Texas 1, 106 S. W. (2d) 242. As soon as the Pipe Line Company had notice of an adverse claim being asserted it had the right to notify the defendants in error and to demand an indemnity bond. When such indemnity bond was refused after reasonable demand, under the specific terms of the division order, the Pipe Line Company had the right to retain the purchase price of the oil. It has been ruled in this State that where a promise is conditioned upon happening of a future event as a rule a condition precedent must be exactly performed or fulfilled before the promise can be enforced. Reagan v. Bruff, 49 Texas Civ. App. 226, 108 S. W. 185; Cooksey v. Jordan, 140 S. W. 1175. It was decided that "It is quite elementary that an instrument payable upon condition which does not import an absolute liability is not payable until that condition has happened." Ferguson v. Mansfield, 114 Texas 112, 263 S. W. 894. It is also elementary that a party to a contract who is himself in default cannot maintain a suit for its breach. Smith v. Fort, 58 S. W. (2d) 1080. It seems to us that the purchase price of the royalty oil under the division order is not due and *payable* until the disputes as to ownership have been settled or a bond is furnished. Concededly no bonds were furnished. The purchase price of the oil under the facts of this case not being due and *payable* until the adverse claim was extinguished forces the conclusion that the defendants in error are not entitled to collect interest until the trial court's judgment was entered in this case which settled and extinguished the  dispute as to the adverse claims made by the intervenors herein.

The quoted article of the statute has no application except on written contracts. The case of Yaws v. Jones, 19 S. W. 443, which was cited as an authority by the Court of Civil Appeals can have no application to the case before us because in that case there was a contract which specified a rate of interest which was agreed on by the parties. In the case of Kishi et al v. Humble Oil & Refining Company et al, 10 Fed. (2d) 356 a division order was not involved, and, it has been pointed out by another circuit, has no application to a case in which there is a written contract between the parties.

■ It is contended by the defendants in error that because the Pipe Line Company, following its general denial, asserted

certain limitation pleas to the cause of action asserted by the defendants in error that the plaintiffs in error is not a disinterested stakeholder and because it failed to tender into the registry of the Court the purchase price of the oil that it should be made to pay interest therein. That proposition can have no application to the case here presented. In the first place defendants in error claimed interest in virtue of the division order and the quoted statute. The recoveries by intervenors of substantial judgments in these cases foreclose any assertion by the defendants in error that such claims as to the Pipe Line Company were not bona fide "adverse claims" within the purview of the division order. The defendants in error not only demanded the purchase price of the oil but demanded interest from the time that it was delivered to the Pipe Line Company. The defendants in error's refusal to accept the principal without interest from the time the oil was run makes a formal tender unnecessary and is equivalent to a valid tender. Bluntzer v. Dewees, 79 Texas 272, 15 S. W. 29. In 40 Tex. Juris. page 840, 841, it is said "Since payment of a debt implies capacity and willingness on the part of the creditor to accept an unconditional offer of payment in full discharge, formal tender of payment is excused where the creditor has signified that he is unwilling to accept the money or thing due as a discharge of the debt and the refusal of the creditor to accept the amount offered makes it unnecessary for the debtor to produce the medium of payment." Since, in our opinion, the defendants in error are not entitled to interest from the dates that the oil was run it is our opinion that the judgment of the trial court allowing a recovery on behalf of the defendants in error for the purchase price of the oil should be affirmed and that part of the judgment of the trial court and the Court of Civil Appeals allowing judgment for the interest should be here reversed and judgment rendered in favor of the plaintiff in error. In view of our ruling there is no necessity of any remanding of the case as to defendants in error Nearens.

Opinion adopted by the Supreme Court April 17, 1940.

Rehearing overruled May 15, 1940.