Paul CANNON, Appellant,

v.

W. C. ARNOLD, Appellee.

No. 8141.

Court of Civil Appeals of Texas,
Amarillo.

April 26, 1971.

Rehearing Denied May 24, 1971.

Cox & Hurt, Steve L. Hurt, Plainview, for appellant.

Kiser & Hook, Frank B. Kiser, Jr., Levelland, for appellee.

JOY, Justice.

This case involves a real estate sales contract. Appellant as seller sought to recover the escrow monies and from judgment for appellee, the buyer, this appeal was perfected. Affirmed.

The appellant and appellee entered into a contract for the sale and purchase of a tract of land located in Oklahoma with the appellee agreeing to pay a total consideration of $250,000.00, a part of which was to be a dry goods store owned by appellee, buyer. The contract acknowledged an escrow deposit by appellee of $7,500.00, which sum was to be applied to the purchase price of the land upon the closing of the deal. The contract provided that the $7,500.00 would be refunded to appellee in the event appellee was unable to secure a loan on the land in the amount of $225,-000.00; and, in the alternative, provided for forfeiture of the escrow monies to appellant-seller in the event appellee failed to perform under the contract. The contract further provided that the appellant-seller had 20 days from execution of the contract to furnish appellee-buyer with an abstract of title to the land reflecting good and merchantable title. The contract also provided that the buyer had 40 days from the date of execution of the contract within which to secure the $225,000.00 loan, with the transaction to be closed within 60 days of signing.

The contract was not completed and the escrow agent filed an interpleader action for the determination as to which party to the contract was entitled to the $7,500.00 escrow deposit. Appellee contended he was unable to secure his loan within the 40 days provided in the contract, and that the appellant breached the contract by not furnishing an abstract of title as specified therein. Appellant contended that appellee failed to make a reasonable effort to ob-

**216**

tain the loan. The case was submitted to the jury on two issues (1) was the appellee unable to secure a loan and (2) did appellee inform appellant to take no action in regard to delivery of the abstract of title. The jury answered (1) that appellee was able to secure a loan and (2) that appellee did not inform appellant to take no action in regard to the delivery of the abstract of title.

No objection was made to the special issues or the charge of the court as submitted to the jury. Appellant's contentions here are that (1) appellee waived any performance under the contract by appellant and (2) the jury's answer to Special Issue No. 1 that appellant could have secured a loan relieved appellant from performing a useless act. We do not read appellant's points raised here as no evidence or insufficient evidence points; however, even if they could be so construed, we would overrule them viewing the evidence as we are required to so do. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952). It is undisputed that appellant never tendered the abstract of title to appellee in accordance with the contract. A party to a contract cannot breach same himself and at the same time complain of a breach of the other party thereto. Gulf Pipe Line Co. v. Nearen et al., 135 Tex. 50, 138 S.W.2d 1065 (1940). Appellant's contention in regard to the doing of a useless act cannot stand in view of the fact that the action referred to (furnishing of the abstract of title) was required to be accomplished within 20 days of the signing of the contract which was 20 days earlier than the time permitted appellee to secure the $225,000.00 loan. These facts preclude appellant from contending an anticipatory breach of the contract, especially since there is no evidence that appellant had any knowledge that appellee would breach the contract until the 40 day period had expired. See Irvin v. Lambert, 70 S.W.2d 495 (Tex.Civ.App.— San Antonio 1934, writ dism'd); 13 T.J.2d, Contracts, § 278.

The judgment of the trial court is affirmed.