**John T. GORDIN, Appellant,**

v.

**Harold R. SHULER, Appellee.**

**No. 20907.**

Court of Appeals of Texas, Dallas.

Jan. 29, 1982.

Rehearing Denied March 11, 1982.

Geo. Garrison Potts, Beverly Brown, Golden, Potts, Boeckman & Wilson, Dallas, for appellant.

Thomas K. Boone, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellee.

Before CARVER, STOREY and ALLEN, JJ.

PER CURIAM.

This appeal by John T. Gordin, the seller, is from a judgment in favor of Harold R. Shuler, the buyer, ordering specific performance of a contract for the sale of land. We hold that the instrument sued upon was not enforceable as a binding contract because a condition precedent to its acceptance had not been performed. Accordingly, we reverse and render.

Generally, if the acceptance of a contract is conditioned upon the happening of a future event, the condition must be performed or fulfilled precisely as agreed upon before the contract can be enforced. *Gulf Pipe Line Co. v. Nearen*, 135 Tex. 50, 138 S.W.2d 1065, 1068 (Tex.Comm'n App. 1940, opinion adopted); *Parkview General Hospital, Inc. v. Eppes*, 447 S.W.2d 487 (Tex.Civ.App.—Corpus Christi 1969, writ

ref'd n. r. e.). Here the subject of the contract, a 24-unit apartment complex, was encumbered by a deed of trust lien held by Boston Mutual Life Insurance Company to secure a debt balance of about $125,000. The contract provided that the property was to be conveyed subject to this debt and lien and that the seller was to hold a "wrap-around" note in the amount of $306,720 secured by an inferior lien. The Boston Mutual deed of trust, upon pain of acceleration, prohibited the sale and conveyance of the property or imposition of an inferior lien without its prior written approval. As an obvious precaution against default in the Boston Mutual deed of trust, the contract here sued upon provided as follows:

> [T]he earnest money of $3,000 to be deposited in escrow with Safeco Land and Title Company as part payment in the form of a check to be negotiated when all contingencies in paragraph 1, Special Conditions, have been removed and this contract is fully executed, receipt of which will be acknowledged by said Title Company.

### SPECIAL CONDITIONS

This contract is subject to the following:

1. (b) Obtaining written approval of the Boston Mutual Life Insurance Company or other holder of the first deed of trust note covering the premises consenting to conveyance of the premises to Purchaser and consenting to execution of the subordinate deed of trust securing the wrap-around note contemplated to be executed upon closing.

The only written approval received from Boston Mutual at the time of trial was the following letter to its local service agent:

> Pursuant to the request of Mr. Harold R. Shuler and Mr. Louis G. Reese, our Finance Committee approved the transfer of the property from Mr. Gordin to Messrs. Reese and Shuler. The terms and conditions of the approval are as follows:
>
> 1. Mr. Gordin would remain personally liable and would agree to all changes.
>
> 2. Messrs. Reese and Shuler will assume the obligation of our mortgage and will also be personally liable for the loan amount. A suggested assumption agreement is being sent to our attorney.
>
> 3. The interest rate of the note is to be modified to 10% or such rate which in the opinion of our attorney would not exceed any usury statute in the State of Texas.
>
> 4. New UCC–1 financing statements are to be signed by the borrowers and filed.
>
> 5. A new insurance policy will be provided us showing our mortgage interest.
>
> 6. A copy of the deed of conveyance should be provided us for our file.
>
> 7. Our attorney, James Blanchette, will prepare and be satisfied with all documents. His fees and expenses in this matter will be paid by the borrowers.

It is apparent that the foregoing letter is not such unconditional approval as would prevent Boston Mutual from asserting its rights of acceleration under its deed of trust. Shuler urges, nevertheless, that the letter is sufficient in view of the jury findings (1) that written approval was obtained, and (2) that Shuler was willing and able to satisfy and hold Gordin harmless from all of the financial conditions imposed by the letter. We disagree.

The question of whether approval was obtained, insofar as the Boston Mutual letter could be said to constitute approval, was not for the jury to determine, but was one of law. *Emmord's, Inc. v. Obermiller*, 526 S.W.2d 562, 566 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Crane v. Colonial Holding Corp.*, 57 S.W.2d 316, 319 (Tex.Civ.App.—Amarillo 1933, no writ). Consequently, the jury's findings to the contrary were of no consequence. Furthermore, the jury's finding that Shuler was willing to indemnify Gordin is not an ultimate fact issue in the case. The effect of this finding would be to require that Gordin enter into a contract new and different from the one sued upon. This he refused to do. We conclude, therefore, that because a

condition precedent to the enforceability of the contract was not performed, it was error to order its specific performance.

Reversed and rendered.