**Gabriel P. GONZALES; Jackie Gonzales, Plaintiffs–Appellants**

**v.**

**BANK OF AMERICA, N.A.; MERSCORP Holdings, Incorporated; Tanyia Hill, Defendants–Appellees.**

**No. 13–50957**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 1, 2014.

David Andrew Rogers, Esq., Austin, TX, for Plaintiffs–Appellants.

Richard Dwayne Danner, Litigation Counsel, Nathan Templeton Anderson, Attorney, McGlinchey Stafford, P.L.L.C., Dallas, TX, for Defendants–Appellees.

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

This is a suit to stop a foreclosure sale. The Appellants challenge the removal of the case to federal court and the grant of summary judgment dismissing their claims. For the reasons that follow, we AFFIRM.

## I. Factual and Procedural Background

On November 30, 2005, Plaintiffs–Appellants Gabriel P. and Jackie Gonzales ("Appellants") obtained a home loan from Countrywide KB Home Loans. The deed of trust provided that Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary and the nominee for the lender and the lender's successors and assigns. MERS subsequently assigned its interest to The Bank of New York Mellon, as trustee for a mortgage-backed trust ("Trust"). The assignments were executed by Tanyia Hill, MERS's assistant secretary. Bank of America, N.A. was named in the trust documents as the mortgage servicer.

The Appellants defaulted on their mortgage. On October 18, 2010, Bank of America notified them of the default and warned that if they failed to timely cure, Bank of America would begin the foreclosure process. When the Appellants failed to cure the default, Bank of America notified them that it was accelerating the loan and scheduling a foreclosure sale for January 1, 2013.

On December 31, 2012, before the sale could take place, the Appellants sued in state court Bank of America; MERSCORP Holdings, Incorporated ("MERS"); and Hill for violations of § 12.002(a) of the Texas Civil Practice and Remedies Code, for breach of contract, and to quiet title. The Appellants sought damages and to enjoin permanently a foreclosure sale. Bank of America and MERS removed the suit to federal court. The Appellants moved to remand. The Bank

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of America and MERS also moved for summary judgment on the Appellants' claims. The Appellants did not file a response. A magistrate judge issued a report and recommendations denying the motion to remand and entering summary judgment dismissing the Appellants' claims. The district court adopted the report and recommendations. The Appellants filed a timely notice of appeal.

## II. Motion to Remand

Bank of America and MERS removed this suit under 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction. The Appellants, on the one hand, and Bank of America and MERS, on the other, are diverse. The Appellants and Hill, however, are citizens of Texas. Despite the apparent lack of complete diversity, the district court denied the Appellants' motion to remand on the ground that Hill was improperly joined as a defendant. The Appellants challenge that ruling on appeal.

We review de novo a district court's denial of a motion to remand. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir.2013). Improper joinder is "a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005). To establish improper joinder, the party seeking removal must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation marks and citation omitted). Actual fraud is not at issue here. Thus, the defendants must show, under the second method of establishing improper joinder, that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quotation marks and citation omitted). Nevertheless, "[a]

'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n. 9 (5th Cir.2004) (en banc) (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000)). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Mumfrey*, 719 F.3d at 401 (quotation marks and citation omitted).

The Appellants allege that Hill is liable under § 12.002 of the Texas Civil Practice and Remedies Code. The factual basis for the Appellants' claim against Hill is difficult to make out from the complaint. It appears that the Appellants intended to allege that in executing the assignment of the mortgage from MERS to the Trust, Hill falsely represented that the Trust had an interest in the Appellants' mortgage. To advance a claim under § 12.002, the Appellants must show that the defendants: "(1) made, presented, or used a document with knowledge that it was a 'fraudulent lien or claim against real or personal property or an interest in real or personal property,' (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish." *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex.App.-Dallas 2013, no pet.) (quoting Tex. Civ. Prac. & Rem.Code § 12.002(a)).

Even accepting the Appellants' allegations that the assignment was ineffective, they failed to allege any facts suggesting either that Hill was aware of the assignment's ineffectiveness or that she executed it with the intent to harm the Appellants. *See Golden v. Wells Fargo Bank, N.A.*, 557 Fed.Appx. 323, 326–28 (5th Cir.2014) (holding that a bank's "use of [an] assignment for business purposes hardly equates to an argument that it intended to inflict financial injury or mental

anguish."). Because the Appellants' sole claim against Hill cannot survive a Rule 12(b)(6) challenge,[1] we agree with the district court that Hill was improperly joined. Accordingly, the district court did not err in declining to remand.

### III. Summary Judgment

The Appellants also appeal the district court's grant of summary judgment dismissing their claims. We review de novo a grant of summary judgment, applying the same standard as the district court. *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir.2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). We address each of the Appellants' claims in turn.

■ First, the Appellants assert that the assignment of their loan to the Trust violated the Trust's Pooling and Service Agreement ("PSA") because the transfer of their loan occurred after the Trust's closing date. We have previously rejected identical claims as a matter of law, holding that borrowers who are not parties to a PSA "have no right to enforce its terms unless they are its intended third-party beneficiaries." *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir.2013). The Appellants have not pointed to any summary judgment evidence suggesting that they are parties to or third-party beneficiaries of the PSA. Summary judgment was proper on this claim.

■ Second, the Appellants contend that the district court erred in granting summary judgment because the assignment conveys MERS's interest in the deed of trust, but not in the note. It does not appear that the Appellants advanced this claim in their complaint. Moreover, we have held that such a "split-the-note" theory is "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir.2013). When those conditions have been met, "[t]he party to foreclose need not possess the note itself." *Id.* The Appellants have not shown that there is a fact dispute material to whether MERS properly assigned the mortgage to the Trust or whether Bank of America was a mortgage servicer. We affirm summary judgment on the Appellants' split-the-note claim.

Third, the Appellants claim that Bank of America violated § 12.002 of the Texas Civil Practice and Remedies Code by fraudulently stating in various foreclosure-related notices that the Trust had an interest in the Appellants' mortgage. However, our precedent and the unrebutted summary judgment evidence show that MERS had an interest in the mortgage. *Cf. Martins*, 722 F.3d at 255 ("Because MERS is a book-entry system, it qualifies as a mortgagee. Thus, the Texas Property Code contemplates and permits MERS either (1) to grant the mortgage servicer the authority to foreclose or, if MERS is its own mortgage servicer, (2) to bring the foreclosure action itself. In either event, the mortgage servicer need not hold or own the note and yet would be authorized to

---

1. The Appellants also argue that the district court should have entered a default judgment against Hill, who has not made an appearance in this case. We review a denial of a default judgment for abuse of discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The district court did not abuse its discretion in denying the motion for default judgment because the Appellants' "factual allegations, even if found true, could not impose liability against" Hill. *Id.*

administer a foreclosure."). Therefore, summary judgment was proper.[2]

## IV.  Conclusion

For these reasons, the judgment of the district court is AFFIRMED.

Before JOLLY, GARZA, and OWEN, Circuit Judges.

**2.**  To the extent that the Appellants made additional claims in their complaint, those claims are waived because they were not briefed on appeal.  *See Sama v. Hannigan,* 669 F.3d 585, 589 (5th Cir.2012) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived." (internal quotation marks and citation omitted)).

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.