# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50881

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2014

Lyle W. Cayce
Clerk

ANDREA R. YBARRA; ROY R. YBARRA,

Plaintiffs – Appellants

v.

WELLS FARGO BANK, N.A.; BANK OF AMERICA, N.A.,

Defendants – Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-1167

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal involves Roy and Andrea Ybarra's wrongful foreclosure suit relating to a promissory note and corresponding deed of trust on property owned by them in San Antonio, Texas. The Ybarras assert that Wells Fargo Bank, N.A., acting on behalf of Bank of America, N.A., lacks standing to foreclose on their property.[1] The Banks moved to dismiss the Ybarras' complaint under Federal Rule of Civil Procedure 12(b)(6) and the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Wells Fargo and Bank of America will be referred to collectively as the "Banks."

No. 13-50881

granted it. After careful review, we hold that they have failed to assert any claim upon which relief can be granted. Accordingly, we AFFIRM the district court's dismissal of the complaint.

I.

In 2002, the Ybarras executed a promissory note in the amount of $110,888 from CH Mortgage Company, along with a corresponding deed of trust. In 2010, the note and deed of trust were assigned to The Bank of New York Mellon as Trustee for CWMBS 2004-R2 through Mortgage Electronic Registration Systems, Inc. (colloquially known as "MERS"), as part of the securitization of the home loan. This assignment was signed by a Mr. David Seybold, as assistant secretary for Assignments for MERS, and was properly filed in the deed records of Bexar County, Texas. In September 2012, the deed of trust was again assigned, this time from Bank of New York Mellon to Bank of America; it was likewise properly filed and signed by a Mr. Norman Yu. Wells Fargo, according to these assignments, was the loan servicer for the assignees.

The Ybarras defaulted on the loan, and Wells Fargo initiated a foreclosure proceeding on the property. In response, the Ybarras filed this suit to enjoin the foreclosure in Texas state court. The suit was removed to the United States District Court for the Western District of Texas. The Ybarras then amended their original complaint ("First Amended Complaint") and asserted claims for declaratory judgment, quiet title, violations of Chapter 12 of the Texas Civil Practices and Remedies Code, violations of the UCC, and breach of contract. The Banks moved to dismiss under Rule 12(b)(6), arguing that the Ybarras alleged no facts that entitled them to relief. The district court granted the Banks' motion and the Ybarras filed this immediate appeal.

2

No. 13-50881

II.

We apply de novo review to the dismissal of claims under Rule 12(b)(6). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). We must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *Id.* We "assume the[] veracity [of pleaded facts] and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). One principle important to our review in this appeal is that while "legal conclusions can provide the complaint's framework, they *must be supported by factual allegations.*" *Id.* (emphasis added).

We first address the Ybarras' argument that they properly pleaded a claim that the Banks lacked standing to foreclose because the signatures on both the 2010 and 2012 assignments were "forgeries." In their First Amended Complaint, the Ybarras alleged that the assignments were "forgeries" and that the Banks were "strangers" to the mortgage and thus lacked standing to foreclose on the property. Specifically, with regard to the 2010 assignment, the Ybarras allege that Seybold's "signature on the document is a forgery." They also make a similar allegation regarding Yu's signature on the 2012 assignment.

The Ybarras are correct when they point out that an obligor on a loan "*may* defend [against an assignee's efforts to enforce the obligation] 'on any ground which renders the assignment void.'" *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (quoting *Tri-Cities Const., Inc. v. Am. Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975)). And the Ybarras are also correct when they note that, under Texas law, a deed that is forged is void. *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.–Houston 1994). Their fault, however, lies in the strength of the pleading of this claim. The Ybarras offer absolutely no factual support for their legal

conclusion that the signatures are "forgeries." All they offer are conclusory allegations.[2] The Banks argue that the Ybarras' pleading is to be reviewed under the more demanding standard of Rule 9 for claims of fraud, while the Ybarras argue that their pleading passes muster under the lesser standard of Rule 8.[3] Even if we were to accept the Ybarras' contention that the lesser standard of Rule 8 applies, their claim would still fail. As previously mentioned, they fail to allege a single fact to support their legal conclusion that the signatures on the 2010 and 2012 assignments are forgeries, nor that they are otherwise entitled to relief on this claim; thus, the district court did not err in dismissing this claim. *See generally Morlock, L.L.C. v. JP Morgan Chase Bank*, No. 12-20623, 2014 WL 2422778, at \*2 (5th Cir. 2013 June 4, 2013) (noting that "Texas view[s] with suspicion and distrust attempts to discredit certificates of acknowledgement under which the transfer is presumptively valid.").

We next address the Ybarras' claim that the Banks violated Section 12.002(a) of the Texas Civil Practices and Remedies Code. An "essential element[] of a Section 12.002 claim is that the defendant used a document or record despite knowing that it reflected a fraudulent lien or claim against real property." *Salomon v. Lesay*, 369 S.W.3d 540, 549 (Tex. App.–Houston 2012). The "party asserting a cause of action [under this section of the Act] ha[s] the burden to prove the elements in the statute." *Id.* We have already addressed the sufficiency of the Ybarras' allegation that the signatures on the 2010 and 2012 assignments were "forgeries." The same analysis applies here. The

---

[2] To the extent the Ybarras argue that the signatures are "forgeries" because they were digitally scanned, the signatures are not forgeries. *Reinagel*, 735 F.3d at 227 ("Texas recognizes typed or stamped signatures–and presumably also scanned signatures–so long as they are rendered by or at the direction of the signer.").

[3] Rule 9 of the Federal Rules of Civil Procedure requires that a party who is pleading fraud "state with *particularity* the circumstances constituting fraud or mistake."

No. 13-50881

Ybarras have failed to make a plausible allegation that the Banks had knowledge of a fraudulent lien. They offer no facts to support their legal conclusion that the signatures were forgeries and, thus, the district court did not err in dismissing the Ybarras' Section 12.002 claim under Rule 12(b)(6).

Finally, we address the Ybarras' breach of contract claim. They allege that the Banks failed to credit them for insurance payments received from credit default swaps. An almost identical argument was addressed by this court in an unpublished case. *Golden v. Wells Fargo Bank, N.A.*, 2014 WL 644549, at *3 (5th Cir. Feb. 20, 2014). The district court, in this case, adopted our analysis in *Golden* where we recognized that a party to a contract may not bring a suit for the contract's breach if that party, itself, is in default. *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). This is so because an essential element of a breach of contract claim under Texas law is that the "plaintiff performed or tendered performance." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.–San Antonio 2002). Because the Ybarras failed to plead this element of a breach of contract claim the district court did not err in dismissing this claim in the Ybarras' First Amended Complaint.[4]

## III.

We have addressed the sufficiency of each of the Ybarras' claims under Rule 12(b)(6). Accordingly, we hold that the district court did not err and its judgment dismissing the claims is

AFFIRMED.

---

[4] The Ybarras' final issue on appeal that an entity seeking to foreclose must prove it is the owner or holder of the note is foreclosed by this court's precedent in *Martins v. BAC Home Loan Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013).