# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2015

Lyle W. Cayce
Clerk

DUNG QUE TRANG,

      Plaintiff - Appellant

v.

TAYLOR BEAN & WHITAKER MORTGAGE CORPORATION; U.S. BANK NATIONAL ASSOCIATION; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-44

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

This appeal arising out of a state-law foreclosure dispute requires us to answer two questions of procedure. First, Dung Que Trang, the borrower, asserts that the district court should have remanded her suit because of the presence of Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin"),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50281

a non-diverse defendant.   Second, Trang asserts that because another defendant, Taylor Bean & Whitaker ("TBW"), never appeared in the case, the district court should have entered a default judgment against it.   We reject both assertions, however, because Trang failed to state a claim against either defendant.   We therefore AFFIRM the judgment of the district court.

I.

In 2008, Dung Que Trang obtained a loan from TBW to purchase property in Pflugerville, Texas.   The Deed of Trust executed to secure the loan named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for TBW, and gave MERS the "right to exercise any or all of those interests [granted by Borrower] including, but not limited to, the right to foreclose and sell the Property and to take any action required of Lender."   TBW declared bankruptcy in 2009, and, in the course of its bankruptcy proceedings, rejected its executory contracts.   In 2011, MERS assigned the Deed of Trust to U.S. Bank.   Trang later defaulted, prompting U.S. Bank, along with its counsel Barrett Daffin, to initiate foreclosure proceedings on the property.   Trang then sued U.S. Bank, Barrett Daffin, and TBW in state court, alleging a host of state-law claims founded on the notion that, because of TBW's bankruptcy, MERS's assignment of the Deed of Trust to U.S. Bank was invalid.

Asserting diversity jurisdiction, U.S. Bank removed the suit to the district court.   Trang moved to remand, arguing that Barrett Daffin was, like Trang, a Texas citizen, and so its presence in the suit precluded the district court from exercising diversity jurisdiction.   The district court denied Trang's motion, however, on the ground that Barrett Daffin had been improperly joined.   It then granted motions to dismiss filed by U.S. Bank and Barrett Daffin.   Trang filed a motion for default judgment against TBW, who had not

No. 14-50281

appeared in the suit. The district court denied this motion and entered a final judgment against Trang.

On appeal, Trang challenges (1) the district court's denial of her motion to remand; and (2) the district court's denial of her motion for default judgment against TBW. We review the district court's denial of a motion to remand de novo, *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013), and its denial of a motion for default judgment for abuse of discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

## II.

## A.

We consider first the district court's denial of Trang's motion to remand. When federal jurisdiction is based on diversity, a motion to remand should be granted if any "properly joined" defendant resides in the same state as the plaintiff. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981); *see* 28 U.S.C. § 1332. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" that defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). To determine whether there is a reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against" the non-diverse defendant. *Id.* Here, Trang seeks recovery against the non-diverse defendant, Barrett Daffin, under § 12.002 of the Texas Civil Practices and Remedies Code. Thus, the critical question is whether Trang's allegations "contain sufficient factual matter, accepted as true, to 'state a claim to relief'" under § 12.002 "'that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)).

3

No. 14-50281

They do not.  The elements of a claim under § 12.002(a) are

> that the defendant (1) made, presented, or used a document with knowledge that it was a "fraudulent lien or claim against real or personal property or an interest in real or personal property," (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

*Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App. 2013) (quoting Tex. Civ. Prac. & Rem. Code § 12.002(a)).  Trang's allegations are insufficient as to the third element.  Trang alleges no facts tending to show that Barrett Daffin acted with intent to cause her "financial injury" or "mental anguish," rather than just "for business purposes." *See Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 327 (5th Cir. 2014).  The allegation that might be construed as touching on § 12.002's intent element is that "the transactions by the Defendants jointly and severally were designed to defraud the Plaintiff out of her property."  But this allegation is, at most, a legal conclusion that Barrett Daffin acted with the requisite intent; it lacks any "factual content" that would "allow[] the court to draw the reasonable inference" that the intent element was met. *Iqbal*, 556 U.S. at 678.  The district court therefore held correctly that Barrett Daffin was improperly joined and that Trang's motion to remand should be denied.[1]

---

[1] The defendants urge several alternative grounds on which we might affirm the district court's denial of Trang's motion to remand, including that an assignment of a lien is not a "lien or claim" that can support liability under § 12.002(a).  Courts have split on this issue of statutory interpretation.  Some appear to agree with the defendants. *See, e.g., Bond v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, C.A. NO. G-12-188, 2013 U.S. Dist. LEXIS 55924, at *34–35 (S.D. Tex. Mar. 22, 2013); *Perdomo v. Fed. Nat'l Mortg. Ass'n*, Civil Action No. 3:11-cv-734-M, 2013 U.S. Dist. LEXIS 37139, at *17–19 (N.D. Tex. Mar. 18, 2013); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 812–14 (W.D. Tex. Aug. 29, 2012).  Others—including one Texas appellate court—appear to go the other way. *See, e.g., Bernard v. Bank of Am., N.A.*, No. 04-12-00088-CV, 2013 Tex. App. LEXIS 1045, at 11–13 (Tex. App. Feb. 6, 2013); *Kingman Holdings, LLC v. Citimortgage, Inc.*, CASE NO. 4:10-CV-619, 2011 U.S. Dist. LEXIS 52770, at *13–14 (E.D. Tex. Apr. 21, 2011).  We affirm on the ground stated in the text, and so we do not weigh in on this split of authority.

No. 14-50281

B.

We turn next to the district court's denial of Trang's motion for default judgment against TBW. Generally, a defendant's failure to appear is grounds for a default judgment. *See* Fed. R. Civ. P. 55(a). But a plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, TBW's failure to appear should have resulted in a default judgment against it only if Trang's factual allegations, taken as true, state a claim against TBW. *See Lewis*, 236 F.3d at 767.

Trang fails to state a claim against TBW. Trang's claims against TBW hinge on her allegation that the Deed of Trust is an executory contract that was rejected in TBW's bankruptcy, *see* 11 U.S.C. § 365, and thus that MERS lacked authority to assign it. But even making the highly contestable assumption that the Deed of Trust was "executory" under the Bankruptcy Code,[2] Trang mistakes the nature of rejection. Rejection of an executory contract "relates only to those aspects of the contract[] which remain unfulfilled" as of the bankruptcy filing, *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (internal quotation marks omitted); it "does not invalidate the contract, or treat the contract as if it did not exist." *In re Continental Airlines*, 981 F.2d 1450, 1459 (5th Cir. 1993). MERS obtained its right to assign the Deed of Trust when the Deed of Trust was executed, in 2008. That right was independent of any unfulfilled obligations on the part of TBW. It therefore was not "undo[ne] or revers[ed]"

---

[2] The district court rested its denial of Trang's motion on the ground that the Deed of Trust was *not* executory. Because we hold that Trang does not state a claim against TBW even if the Deed of Trust is executory, we need not reach this question.

5

No. 14-50281

by TBW's rejection of its executory contracts in bankruptcy.  *Stewart Title*, 83 F.3d at 742 (internal quotation marks omitted); *see also Khan v. Wells Fargo Bank, N.A.*, CIVIL ACTION NO. H-12-1116, 2014 U.S. Dist. LEXIS 6559, at *24 (S.D. Tex. Jan. 17, 2014) ("Rejection of executory contracts means that the debtor . . . need not continue to perform under the contract, but does not impact prior completed acts under the contract."); *In re Marron*, 485 B.R. 485, 488–89 (D. Mass. 2012) ("A lender's bankruptcy does not affect the ability of MERS to assign a mortgage.").  Thus, the district court did not abuse its discretion in denying Trang's motion for default judgment.

## III.

For these reasons, the district court's denials of Trang's motions to remand and for default judgment are

AFFIRMED.