**REVISED AUGUST 6, 2014**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2014

Lyle W. Cayce
Clerk

No. 14-10176
Summary Calendar

JOE LOUIS REECE, Sui Juris in the interest of Joe Louis Reece Owner of Property Located at 1912 Morrison Drive, Fort Worth, TX 76112,

Plaintiff - Appellant

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee Successor in Interest to Bank of America, National Association as Trustee, as Successor by Merger to Lasalle Bank National Association,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

Joe Reece appeals the dismissal of his wrongful foreclosure suit involving a promissory note and an associated Deed of Trust on property in Fort Worth, Texas. He contends that he sufficiently pled claims against U.S. Bank National Association ("U.S. Bank") to wit, that it lacked standing when it foreclosed on his property, and that U.S. Bank's counsel committed fraud by inquiring about Reece's willingness to settle before it evicted him from the

No. 14-10176

property.  We hold that the district court properly granted U.S. Bank's motion to dismiss because Reece failed to assert a claim upon which relief can be granted and accordingly we AFFIRM.

I.

In December 2004 Reece executed a promissory note on his home in Fort Worth, Texas in the amount of $142,500.  The Note was secured by a corresponding Deed of Trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary under the Deed of Trust.  In February 2012 MERS assigned the Deed of Trust to U.S. Bank. The assignment was duly recorded in the real property records of Tarrant County where the property is located.  Reece later defaulted on the Note and U.S. Bank itself purchased the property at a foreclosure sale.

Following its purchase of the property, U.S. Bank filed a forcible entry and detainer action in Texas justice court seeking to evict Reece from the property.  The court entered an order granting the forcible eviction detainer. Reece filed the present suit in Texas state court seeking an injunction staying his eviction and challenging U.S. Bank's standing to foreclose on the property. U.S Bank's first removal of the suit was remanded because the amount in controversy was not met.  After Reece filed an amendment to his complaint with more specific allegations, U.S. Bank successfully removed the suit to federal court.

U.S. Bank filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The district court granted the motion after determining, first, that all of Reece's claims relating to U.S. Bank's standing to foreclose failed as a matter of law, and, second, that Reece failed to allege any actionable misrepresentation on the part of U.S. Bank.  Reece timely appealed the judgment dismissing his claims.

No. 14-10176

II.

"We review a district court's grant of a motion to dismiss de novo." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014).  To pass muster under Rule 12(b)(6), Reece's complaint must have contained "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The first claim in Reece's First Amended Complaint generally alleges that U.S. Bank's lawyers committed fraud by making a statement to him in court inquiring as to whether he wished to settle the case out of court.[1]  To establish a claim of fraud under Texas law a plaintiff must allege:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).  Reece failed to allege that the attorney for U.S. Bank made a representation that was either material or false.  As a result, the district court did not err when finding that Reece failed to state a claim for common-law fraud under Texas law.

The second claim alleges that the recorded security instruments evidencing the securitization of his home loan "constitute[] a fraudulent claim against real property because MERS never acquired a security interest in the mortgaged properties, and therefore, the recordings denominating MERS as a beneficiary of the security instruments are fraudulent."  We construe Reece's allegation to be a claim under § 12.002 of the Texas Civil Practice & Remedies

---

[1] As U.S. Bank points out in its reply brief, Reece never expressly asserted a claim for fraud in his First Amended Complaint.  Instead, he makes the general allegation in the factual background section of that complaint.

No. 14-10176

Code which prohibits individuals from placing fraudulent liens on real or personal property. We have previously addressed, in an unpublished case, a fraudulent lien claim in the similar context of a home foreclosure. *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 327 (5th Cir. 2014). Reece, like the homeowner in *Golden*, failed to plead facts sufficient to meet an element of a claim under § 12.002, namely that the defendant "intended to cause the plaintiff physical injury, financial injury, or mental anguish." *Id.* at 326–27. A bank's usage of an assignment for business purposes "hardly equates to an argument that [the bank] intended to inflict financial injury or mental anguish." *Id.* at 327. Additionally, Reece has failed to allege facts to show that his property would not otherwise be subject to foreclosure absent the assignment; thus, the district court did not err when it found that Reece failed to state a claim under § 12.002 of the Texas Civil Practice & Remedies Code.

Finally, Reece contends that U.S. Bank lacked standing to foreclose on Reece's property because MERS lacked the ability to assign the Deed of Trust and, thus, U.S. Bank was not the proper party to foreclose on the home. Our Court has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–55 (5th Cir. 2013). Reece's argument is foreclosed by Fifth Circuit precedent.[2]

---

[2] Reece also argues that the non-judicial foreclosure of his home was unlawful because U.S. Bank was required to give the Internal Revenue Service notice of the sale. The district court did not err in dismissing this claim in Reece's First Amended Complaint because that particular section of the Internal Revenue Code requiring notice be provided to the United States only relates to situations where the property is subject to a federal tax lien. Reece fails to allege any facts that suggest the property was burdened by such a lien.

No. 14-10176

III.

For the foregoing reasons, the judgment of the district court dismissing Reece's First Amended Complaint under Rule 12(b)(6) is

AFFIRMED.