# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60007
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2015

Lyle W. Cayce
Clerk

KIM WADE,

Plaintiff-Appellant

v.

JACKSON ASSOCIATION OF REALTORS; MULTIPLE LISTING SERVICE OF JACKSON; JO USRY, In her individual and official capacity; ANN PREWITT, In her individual and official capacity; LEE GARLAND, In his individual and official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-253

Before HIGGINBOTHAM, ELROD, SOUTHWICK, Circuit Judges.

PER CURIAM:*

Kim Wade sued various trade associations and individuals following the suspension of his real estate license. The district court granted summary judgment for the defendants, and Wade appeals. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60007

The Jackson Association of Realtors ("JAR") and its subsidiary, Multiple Listing Service of Jackson ("MLS"), offer different membership statuses for those with real estate licenses and those with principal broker's licenses. Until 2009, Wade belonged to the former category. In June of that year, he left Ann Prewitt Realty, his employer, and obtained his principal broker's license. This caused his membership in JAR and MLS to lapse. Despite urging from JAR and MLS, Wade did not seek to change his status or maintain his membership.

In July, Wade entered into a listing agreement with a seller. Because he was no longer a member of JAR or MLS, he convinced a member to enter the listing in MLS under her name in violation of MLS rules. The listing contained numerous inaccuracies. In November, the seller discovered the listing and errors. He filed a complaint against Wade with the Mississippi Real Estate Commission; the Commission suspended Wade's license for 90 days and required him to complete eight hours of continuing education.

In November 2012, Wade sued JAR, MLS, the CEO of both companies, MLS's president, and his former employer in state court. He alleged violations of the Fair Housing Act of 1968 ("FHA"), violation of his equal protection rights, breach of the covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, conspiracy, and interference with a prospective economic advantage. The defendants removed the case to federal court and then moved to dismiss or for summary judgment. The district court granted summary judgment for the defendants, and Wade timely appealed.

We review a summary-judgment dismissal *de novo. Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014). We conclude that the district court properly dismissed Wade's claims.[1]

---

[1] We do not address Wade's new claims on appeal regarding the "legality" of JAR and MLS. *See Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997).

No. 15-60007

As the district court held, Wade abandoned his claim that the defendants discriminated against him due to race in violation of the FHA. Additionally, such claims are subject to a two-year statute of limitations. *See* 42 U.S.C. § 3613. Wade brought his claim over three years after the lapse of his JAR and MLS memberships, which he identified in his complaint as the source of his claims.[2] Finally, Wade presented no evidence that he was subjected to race-based discrimination in a real-estate transaction. *See id.* § 3605.

Second, Wade also abandoned his equal protection claim in the district court. Moreover, he has not shown that he was treated less favorably than similarly situated individuals who are not members of the protected class to which he belongs under nearly identical circumstances. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Wade has not presented evidence that individuals were permitted to maintain their membership in JAR or MLS after obtaining principal broker's licenses without applying for status changes. In fact, in 2009, the associations granted 17 status changes, 13 to white members, and all were required to apply.

Third, Wade's breach of implied covenant of good faith and fair dealing claim is barred by the three-year statute of limitations. *See* MISS. CODE ANN. § 15-1-49. Additionally, Wade has offered no evidence that JAR or MLS applied their rules arbitrarily and thus cannot show that he was subjected to "bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992).

Fourth, Wade's emotional distress claims are also time barred. *See Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010). Furthermore, he

---

[2] Due to the ambiguity of Wade's claims, the district court also discussed other potentially applicable commencement dates for statutes of limitations. Regardless, Wade filed suit over three years after the latest of these dates.

No. 15-60007

has not shown that the defendants acted maliciously or willfully toward him, or that he suffered an injury, let alone one that manifested itself physically. *See Am. Bankers' Ins. Co. v. Wells*, 819 So. 2d 1196, 1208–09 (Miss. 2001).

Fifth, because Wade has not shown that his equal protection rights were violated, he cannot demonstrate that the defendants conspired to deprive him of those rights. *See Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996). To the extent Wade intended to assert a state-law conspiracy claim, that claim is time barred. *See Carter v. Citigroup, Inc.*, 938 So.2d 809, 817 (Miss. 2006). Moreover, he has not shown that the defendants agreed to perform an unlawful act of any kind. *See Levens v. Campbell*, 733 So. 2d 753, 761 (Miss. 1999). Finally, the alleged co-conspirators for both claims are JAR, its subsidiary, and its agents, but organizations cannot conspire with their own agents. *See Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994).

Finally, Wade has not shown that the defendants intentionally interfered with his business relationship with the realtor who listed his property on MLS. That is, he has not shown that any of the defendants' actions "were done with the unlawful purpose of causing damage and loss, without right or justifiable cause . . . ." *Galloway v. Travelers Ins. Co.*, 515 So. 2d 678, 682–83 (Miss. 1987). The JAR and MLS rules at issue here are lawful and were applied uniformly. There is nothing damaging or unjustifiable about requiring membership in an organization in order to enjoy its benefits or preventing current members from circumventing this policy.

AFFIRMED.

4