# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2015

Lyle W. Cayce
Clerk

SCOTT A. SCHER; RHONDA SEXTON,

  Plaintiffs - Appellants

v.

DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Rali 2006QS14; ALLY FINANCIAL, INCORPORATED, formerly known as GMAC Mortgage, L.L.C.; MORTGAGE ELECTRONIC REGISTRATION SERVICES, INCORPORATED; OCWEN FINANCIAL CORPORATION,

  Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-203

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Scott Scher and Rhonda Sexton borrowed money to purchase a home. Scher became seriously ill and the couple was unable to make their mortgage payments. Deutsche Bank foreclosed on the property, and Scher and Sexton,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40570

Appellants herein, sued. The district court granted the Defendants-Appellees' several motions to dismiss. We AFFIRM.

## BACKGROUND

We take the allegations in Appellants' complaint as true. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). We also consider the documents that Appellants attached to their complaint and the documents that Appellees attached to their responsive pleadings that were both central to and mentioned by the complaint. *See id.* These documents include: a Deed of Trust, an Assignment of Deed of Trust, an Appointment of Substitute Trustee, a Substitute Trustee's Deed, and a Notice of Substitute Trustee's Sale. To the extent that the documents conflict with Appellants' allegations, the documents control. *See Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440–41 (5th Cir. 2015).

In the summer of 2006, Appellants Scott Scher and Rhonda Sexton bought a home in Prosper, Texas. To purchase their home, Appellants borrowed $650,000 from Secure Mortgage Company, a lender, via a promissory note. The note was secured by a Deed of Trust. The Deed of Trust names Secure Mortgage as the lender and the Mortgage Electric Registration System ("MERS") as the beneficiary in the capacity as nominee for Secure Mortgage and its assignees. The Deed of Trust was filed in the Collin County land records. In November 2006, Appellants were notified that GMAC, a predecessor entity to Ally Financial, was designated as the servicer for their loan. In the middle of 2010, Scher experienced significant health issues and they fell behind on their house payments. A few months later, MERS, acting as Secure Mortgage's nominee, assigned the Appellants' Deed of Trust to Deutsche Bank. Ally moved to foreclose in April 2011. Due to alleged defects in the notice requirements, however, the sale did not happen when initially scheduled. On April 5, the Appellants' property was again posted for

No. 15-40570

foreclosure, this time on May 3, with Deutsche Bank conducting the sale. Appellants had notice of this sale. Deutsche Bank, through a substitute trustee, foreclosed on the property, purchasing it on May 16, 2011.

After foreclosing, Deutsche Bank sought to evict the Appellants, who responded by filing suit against Deutsche Bank, MERS, and others in Texas state court. Ten months later, Appellants filed a nonsuit. Appellants filed their original complaint—a class action—in federal court in April 2013, and their first amended complaint (also a class action) in July 2013. The amended complaint alleges six causes of action against Deutsche Bank; Ally Financial; Ocwen Financial; MERS; the law firm Bradley, Arant, Boult, Cummings, LLP; and an individual attorney, Preston Neel: (1) suit to quiet title; (2) fraudulent filings; (3) fraud; (4) wrongful foreclosure; (5) breach of contract; and (6) declaratory relief. The Appellees moved to dismiss and the magistrate judge recommended that their motions be granted. Over Appellants' objections, the district court adopted the magistrate's findings and conclusions, dismissing all of Appellants' claims. Appellants moved the court to reconsider, or in the alternative, to allow them to amend their complaint. The district court denied the motion for reconsideration, and this appeal followed.

## DISCUSSION

Appellants challenge the district court's dismissal of claims pertaining to Deutsche Bank and MERS only. We review de novo a district court's decision to grant a motion to dismiss. *See Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014). Appellants assert six claims of reversible error on appeal: (1) wrongful foreclosure and quiet title; (2) declaratory relief; (3) fraudulent filings; (4) fraud; (5) the district court's denial of the motion for reconsideration; and (6) the district court's denial of the motion to amend their complaint. Having reviewed the briefs and the record, we AFFIRM.

No. 15-40570

## A. Wrongful Foreclosure and Quiet Title

Appellants first argue that Deutsche Bank lacked the capacity to foreclose on their property; thus, they contend that they are entitled to quiet title. This argument is based on the premise that "at the time of foreclosure, Deutsche was neither the holder of the note, the holder of the deed of trust, nor the beneficiary of the deed of trust." To the contrary—documents in evidence establish Deutsche Bank's authority to enforce the Deed of Trust:

- The Deed of Trust names MERS as beneficiary in the capacity as nominee for Secure Mortgage and its assignees.
- The Deed of Trust was filed in the Collin County land records in July 2006.
- On January 22, 2011, MERS assigned the Deed of Trust to Deutsche Bank.
- This assignment was recorded in Collin County on February 8, 2011.
- The Deed of Trust grants MERS and its assigns the right "to foreclose and sell the Property."

The district court held that Appellants' "challenges to the assignment of the Deed of Trust are not enough to state a claim," citing *Wiley v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4779686, \*2-3 (5th Cir. 2013). We agree.

Appellants also argue that there are three defects in the notice requirements that support their claim to quiet title: (1) a failure to send Appellants a notice of default and opportunity to cure; (2) a failure to send Appellants a notice of acceleration; and (3) a failure to include the substitute trustee's address in the notice of sale. These arguments are not persuasive. The first two arguments pertain to the planned April foreclosure—but that sale was postponed until May, and Appellants had notice of the May sale. The third argument is contradicted by the plain terms of the Notice of Substitute

4

Trustee's Sale, which lists the names of the Substitute Trustees and a "Return to" address.

## B.  Declaratory Relief

Appellants argue that Deutsche Bank could not foreclose under the "split-the-note" theory.  Our court has repeatedly rejected this argument.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253-56 (5th Cir. 2013).  Here, the Deed of Trust was assigned to MERS, and then by MERS to Deutsche Bank.  It granted MERS and its assigns (Deutsche Bank) the right "to foreclose and sell the Property."  Thus, MERS and Deutsche Bank did not need to possess the note to foreclose.  *Id*. at 255.  Appellants' reliance on state court cases that our court in *Martins* recognized as the minority—and non-prevailing—view is not persuasive.

## C.  Fraudulent Filings

Appellants also argue that the district court erred in dismissing their fraudulent filings claim under Chapter 12 of the Texas Civil Practice & Remedies Code.  The court held, in part, that "no facts [were] stated . . . that would sufficiently state, with the specificity required under the Federal Rules of Civil Procedure, any fraudulent filing," and thus "[t]he claim should be dismissed."  Appellants do not challenge that holding.  Instead, they direct all of their arguments toward an alternative ground the district court gave for its dismissal of the fraudulent filings claims:  that, under Fifth Circuit law, borrowers cannot make challenges to the type of assignments at issue here.  Because they have not addressed the district court's alternative and sufficient ground for dismissal—failure to plead fraud with specificity—Appellants' waive their right to appeal the dismissal of their fraudulent filings claim.  *See Capital Concepts Properties 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994) ("issues not raised on appeal in the brief of the appellant may be considered waived, and thus cannot be noticed or entertained by the Court of

No. 15-40570

Appeals" (citing *Matter of Texas Mortgage Servs. Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985))).

## D. Fraud

Appellants next argue that the Appellees' conduct, acts, and omissions constituted fraud. The district court dismissed this claim against the remaining Appellees for several reasons, including a failure to allege the damages necessary to satisfy the economic loss doctrine. The court stated that "[b]ecause no extracontractual damages have been stated – indeed, [Appellants] have not addressed the economic loss doctrine whatsoever in their response to the motion to dismiss – [Appellants'] fraud claims should be dismissed." The Appellants failed to address this holding in their briefing to this court, and therefore waive the issue. *See Capital Concepts Properties*, 35 F.3d at 176.

## E. Denial of a Motion for Reconsideration

Appellants argue that the district court committed reversible error by denying their motion for reconsideration, but fail to brief this claim. We review for abuse of discretion a district court's decision to deny reconsideration. *See LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). In denying the motion for reconsideration, the district court concluded that the Appellants did not put forth any new evidence or show a change in the law. We agree.

## F. Denial of a Request to Amend

Finally, Appellants argue that the district court erred by denying their request to amend their pleadings. Appellants filed an amended complaint after several Appellees moved to dismiss the original complaint. Thus, Appellants challenge the denial of their *second* amended complaint. We review this denial for an abuse of discretion. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003). The district court found that the Appellants did not put forth any new information or show a change in the law. On appeal, the

No. 15-40570

Appellants do not indicate what additional information they would plead "to provide sufficient detail in the Court's eyes." The district court did not abuse its discretion by denying Appellants a second opportunity to amend.

## CONCLUSION

For the foregoing reasons, we AFFIRM.