# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

No. 16-10563
Summary Calendar

**FILED**

November 11, 2016

Lyle W. Cayce
Clerk

ERNEST C. SMALLWOOD, JR.; EARTHA Y. SMALLWOOD,

Plaintiffs–Appellants,

versus

BANK OF AMERICA NATIONAL ASSOCIATION;
BANK OF NEW YORK MELLON,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-601

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The magistrate judge aptly described this *pro se* action as follows: "In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this garden-variety mortgage foreclosure case, Plaintiffs sought to avoid a threatened foreclosure sale of their home by contending that a transfer of interest between two entities was invalid due to an improper assignment of the note and/or deed of trust on the property. They requested quiet title in their favor, damages, a declaratory judgment, and an injunction preventing the foreclosure."

In a thorough and convincing eight-page analysis, the magistrate judge recommended that the district court grant the defendant banks' motion to dismiss. The district court agreed, and the plaintiffs appeal.

We affirm, essentially for the reasons given by the magistrate judge. The assignment was authorized by well-established Fifth Circuit law. *See, e.g.*, *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015); *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014); *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 253, 255 (5th Cir. 2013). The quiet-title theory fails because the plaintiffs had no sound title, having made their last mortgage payment in 2007. The plaintiffs' other contentions are equally meritless, as the magistrate judge explained.

The judgment of dismissal is AFFIRMED.