# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2021

Lyle W. Cayce
Clerk

No. 20-60926

Aletha Louise Hicks,

*Plaintiff—Appellant*,

*versus*

Martinrea Automotive Structures (USA), Incorporated; Lora Clark,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CV-191

Before Jones, Southwick, and Costa, *Circuit Judges*.
Edith H. Jones, *Circuit Judge*:

Appellant Aletha Hicks sued her former employer Martinrea and the company's Human Resources (HR) manager, Lora Clark, for malicious interference with employment and witness tampering under Mississippi law. Because Clark and Hicks are both residents of Mississippi, and Clark was not improperly joined, the federal courts lack diversity jurisdiction. Accordingly, we REVERSE the judgment of the district court and REMAND with instructions to remand to state court.

No. 20-60926

## BACKGROUND

Plaintiff Aletha Hicks worked at the Martinrea Tupelo automotive parts manufacturing plant in Tupelo, Mississippi for approximately five years until mid-2018.  Her main job was to place raw metal parts into a machine that then welded two nuts onto each part.  Because of production errors in the plant, her employer had started requiring production associates like Hicks to write their personal identifier numbers ("clock numbers") on their finished parts after inspecting them, so problem parts could be identified and traced back to the associate responsible.  According to Martinrea, Hicks "circumvented the quality check process by writing her individual clock number on her parts before she ran them through the machine, before any nuts were welded to the parts, and before she performed her quality check."  Because of this and other previous problems, she was terminated in August 2018.  Appellee Clark was responsible, along with one other executive, for the termination decision.

Hicks avers that the real reason she was fired was an attempt to "induce" her not to testify in her coworker's workers' compensation case.  She alleges that she was fired only two days before the scheduled deposition.  The Appellees disagree that she was fired to forestall the deposition and point out that:

> Plaintiff conceded, under oath, that no one ever told her not to show up for her deposition in her coworker's worker's compensation case.  Plaintiff conceded that her deposition in her former coworker's worker's compensation case did, in fact, take place in February 2019.  In fact, in order to effectuate Plaintiff's deposition, Defendant Clark provided Plaintiff's contact information, including her address and telephone number, to the attorney so Plaintiff's deposition could still take place in the coworker's workers compensation case.  At her deposition in this case, Plaintiff testified she was unaware

No. 20-60926

Defendant Clark had provided her contact information to the lawyer so her deposition could be scheduled in the coworker's case.

Hicks sued Martinrea and Clark in the County Court of Lee County, Mississippi. Hicks filed an initial complaint on March 25, 2019 and an amended complaint on June 21. She asserted a claim of malicious interference with employment against Clark alone, and she alleged that both Clark and Martinrea should be held liable on public policy grounds for violating Mississippi's witness tampering criminal statute.[1]

The defendants removed the case to federal district court on October 25, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Hicks is a resident of Mississippi and alleged more than $75,000 in damages. Martinrea, a Michigan corporation with its principal place of business in Ontario, Canada, is of diverse citizenship from Hicks. But Clark is also a Mississippi resident. In their removal action, the defendants urged that although the plaintiff and Clark are both Mississippi residents, Clark was improperly joined for the purpose of defeating diversity jurisdiction.

The district court rejected Clark's challenge to the timeliness of the removal petition, agreed with Appellees that Clark was improperly joined, and therefore sustained the removal to federal court. After dismissing Clark from the lawsuit, the district court granted summary judgment for the defendants. The court concluded that Hicks had not presented evidence that created a triable issue of fact regarding whether she was fired to prevent her from testifying in the coworker's worker's compensation case. Hicks timely appealed.

---

[1] While Hicks lodged witness tampering claims against Clark in her complaint, she does not raise them before our court. This cause of action is waived.

No. 20-60926

## DISCUSSION

This Court reviews improper joinder determinations *de novo.* *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219 (5th Cir. 2018) (citing *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016)).

Since Hicks and Clark are non-diverse, removal jurisdiction is proper only if Clark was improperly joined. The federal removal statute, 28 U.S.C. § 1441(a), authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction;" but subsection (b) specifies that suits not arising under federal law are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting 28 U.S.C. § 1441(b)) (emphasis in original). Removal statutes, moreover, are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries*, L.P., 97 F.3d 100, 106 (5th Cir. 1996). And the "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573; *see also McDonal v. Abbott Labs*, 408 F.3d 177, 183–84 (5th Cir. 2005).

Relevant under *Smallwood*, an improper joinder occurs if a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 572 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant," or put a different way, whether there is "no reasonable basis for [predicting recovery] against an in-state defendant." *Smallwood*, 385 F.3d at 573. To resolve this inquiry, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no

4

improper joinder." *Smallwood*, 385 F.3d at 573 (footnote omitted). "To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)). Alternatively, *Smallwood* indicated that in a relatively small number of cases, the plaintiff has "stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.

In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (footnote omitted). But *Smallwood* cautions that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74 (footnote omitted).

In Mississippi, a tortious interference with contract claim requires the plaintiff to prove four elements: (1) the defendant's acts were intentional and willful; (2) the acts were calculated to cause damages to the plaintiff in her lawful business; (3) they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant; and (4) actual loss occurred. *Levens v. Campbell*, 733 So. 2d 753, 760–61 (Miss. 1999). Further, a person like Clark, who "occup[ied] a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person." *Shaw v. Burchfield*, 481 So. 2d 247, 255 (Miss. 1985). Therefore, to prevail on the claim of malicious interference against Clark, Hicks must show that Clark was not privileged— that is, she acted in bad faith and outside the scope of her responsibility in her role as HR Manager. *See id.*

Hicks's complaint alleged prima facie evidence of bad faith—that Clark fired her to prevent her from testifying at a worker's compensation deposition. The Appellees counter Hicks's assertions with contrary deposition testimony by Hicks herself, which suggests *inter alia* that Hicks and Clark got along well personally and that Clark tried to help facilitate the deposition even after Hicks was fired. From such evidence, the district court made fact determinations, more akin to a summary judgment inquiry, that the defendants would ultimately prevail. The court's intuition may have been correct, but its procedural approach fails. *See Travis*, 326 F.3d at 650 & n.3 (explaining that unlike summary judgment, which can be granted when there is "lack of substantive evidence" to support a plaintiff's claim, improper joinder requires the defendant to "put forward evidence that would negate a possibility of liability on the part of" the in-state defendant).

In other cases where this court has found improper joinder, there was no possibility of recovery because of a legal bar to recovery or because the elements of the claim were plainly not satisfied. In *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183–84 (5th Cir. 2018), for example, this court found improper joinder because the plaintiff could not demonstrate that Walmart employees owed a duty of care to a customer, a legal prerequisite to recovery. In addition, because the removing party bears the burden of proof, its "conclusory statement that a claim is false . . . is not a 'discrete and undisputed fact'" showing that a plaintiff has no possibility of recovery, as would establish improper joinder of an in-state defendant. *Cumpian*, 910 F.3d at 221 (quoting *Smallwood*, 385 F.3d at 573).

Not only do these defendants rely on evidence developed during merits discovery, which is far afield from Rule 12(b)(6), but the evidence they cite relates to the crucial question of Clark's motive in terminating Hicks. In fact, the defendants, in their brief to this court, "do not dispute that Plaintiff's Complaint, on its face at least, states the elements of a claim for

malicious interference with employment." On this basis, the claim against Hicks survives the Rule 12(b)(6)-like improper joinder inquiry, and the evidence proffered by defendants hardly consists of "discrete and undisputed facts" that demonstrate Hicks's inability to prevail. Neither alternative expressed by *Smallwood* for finding an improper joinder is fulfilled here. The district court erred in concluding that Clark was improperly joined for diversity purposes. Diversity jurisdiction was lacking, and the removal must be reversed.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND with instructions to remand to state court.