# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2022

Lyle W. Cayce
Clerk

No. 21-30456

Susan Miciotto,

*Plaintiff—Appellant*,

*versus*

Hobby Lobby Stores, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-735

ON PETITION FOR REHEARING

Before Higginbotham, Haynes, and Wilson, *Circuit Judges*.
Per Curiam:*

The petition for panel rehearing is DENIED. *See* 5th Cir. R. 35
I.O.P.  Our prior panel opinion, *Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30456

30456, 2022 WL 2610235 (5th Cir. Jul. 8, 2022) (unpublished), is WITHDRAWN and the following opinion is SUBSTITUTED therefor:

Susan Miciotto appeals the district court's denial of her motion to remand. She also appeals two evidentiary rulings made by the district court. Because the district court properly concluded that remand was inappropriate due to improper joinder and did not abuse its discretion regarding the evidentiary rulings, we affirm.

## I.

Susan Miciotto sued Hobby Lobby Stores, Inc. in Louisiana state court after falling and injuring herself outside of the Lafayette, Louisiana Hobby Lobby store. According to Miciotto, she was exiting the store on November 30, 2017, when she tripped over a warped or broken wooden expansion joint and fell. In her original petition for damages, Miciotto named Hobby Lobby and "John Doe" as defendants. She alleged Hobby Lobby, an Oklahoma corporation, had actual or constructive knowledge of the "hazardous condition which caused [her] fall." She further alleged that "John Doe, a resident of Louisiana, and presently unknown employee of [Hobby Lobby], who had direct responsibility over the premises . . . in the course and scope of his employment, failed to warn against a known hazard or, alternatively, failed to discover and remedy the hazard."

In her supplemental and amended petition for damages, Miciotto substituted defendant John Doe with Hobby Lobby employees Allen Calais and Michelle Savoy. She stated that Calais's and Savoy's parishes of domicile were "presently unknown" but alleged Louisiana citizenship for both defendants. Substantively, Miciotto alleged

> Calais and Savoy [were] Hobby Lobby employees with direct
> responsibility over the premises of Hobby Lobby Stores, Inc.
> for the inspection, discovery, repair, and/or warning against

2

the hazardous condition complained of in this suit. Calais and Savoy, in the course and scope of their employment, failed to warn against a known hazard or, alternatively, failed to discover and remedy the hazard as required in the exercise of reasonable care.

Shortly after Miciotto filed her amended petition, Hobby Lobby removed this action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. According to Hobby Lobby, the amount in controversy exceeded the statutory minimum, and Miciotto lacked any "arguable or reasonable basis on which to state a cause of action against [Calais or Savoy], and thus, the alleged lack of diversity caused by their presence [did] not bar removal." Miciotto moved to remand, asserting lack of diversity. The magistrate judge entered a report and recommendation that remand be denied. Miciotto objected, but the district court adopted the magistrate's report and recommendation, dismissed Calais and Savoy without prejudice, and denied Miciotto's motion to remand.

The case proceeded to trial, and the jury rendered a verdict in favor of Hobby Lobby. Prior to trial, the district court made evidentiary rulings that Miciotto contends "dramatically affected [the] presentation of her case." Miciotto now raises three issues on appeal: (1) the district court erred in denying her motion to remand; (2) the court abused its discretion in excluding post-accident photographs; and (3) it likewise abused its discretion in excluding testimony of Stephanie Cummings. We address these issues in turn.

## II.

The denial of Miciotto's motion to remand is reviewed de novo. *Butler v. Denka Performance Elastomer, LLC*, 16 F.4th 427, 435 (5th Cir. 2021). Both evidentiary rulings are reviewed for abuse of discretion. *Huynh v. Walmart Inc.*, 30 F.4th 448, 457–58 (5th Cir. 2022). Under the abuse of

discretion standard, "we will not reverse erroneous evidentiary rulings unless the aggrieved party can demonstrate 'substantial prejudice.'" *Id.* at 458 (internal quotation marks and citation omitted).

## III.

## A.

Miciotto first asserts that the district court erred in denying her motion to remand. Hobby Lobby, on the other hand, contends that the district court properly denied the motion because the individual, nondiverse Hobby Lobby employees were improperly joined as parties to this action. We agree with Hobby Lobby.

When parties lack complete diversity, removal is only appropriate if the non-diverse defendant was improperly joined. *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 514 (5th Cir. 2021). This court has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse [defendant] in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (internal quotation marks and citation omitted). Here, fraud is not at issue; our focus is on Miciotto's ability to establish a cause of action against Calais or Savoy.

In determining if a plaintiff has established a cause of action against a non-diverse defendant, courts use a Federal Rule of Civil Procedure 12(b)(6)-type analysis. Typically, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* The usual Rule 12(b)(6) standard applies: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

No. 21-30456

liable for the misconduct alleged." *Id.* Further, in making this determination, we "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).[1]

We turn to the state law applicable to Miciotto's claims. Miciotto alleged a premises liability claim. More specifically, she alleged that Hobby Lobby and its employees, Calais and Savoy, "failed to warn against a known hazard or, alternatively, failed to discover and remedy the hazard," which ultimately resulted in her injury. Under Louisiana law, an individual may be liable to a third party as a result of the individual's breach of an employment-imposed duty when:

> 1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant . . . employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . including when the failure results from not acting upon actual

---

[1] There are also a small number of cases, not including today's case, in which "the plaintiff has 'stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Hicks*, 12 F.4th at 515 (quoting *Smallwood*, 385 F.3d at 573). That said, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 at 573–74.

knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. . . . [P]ersonal liability cannot be imposed upon the . . . employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, LA. STAT. § 23:1032 (1998).

Miciotto contends the district court "failed to evaluate all of the factual allegations in the state court pleadings in the light most favorable to [her]." *See Green*, 707 F.2d at 205. More specifically, she asserts that the district court erred in not finding that her "allegations of knowledge and failure to warn against Calais and Savoy state[d] a personal duty and breach which is more than a general administrative responsibility for performance of some function of employment." According to Miciotto, *Canter* acknowledges that an employee who has personal knowledge of a dangerous condition but fails to address the condition may be held personally liable regardless of an employer's delegated responsibility.

Hobby Lobby responds that the district court correctly denied Miciotto's motion to remand because her petition stated "only general allegations of negligence against Hobby Lobby's individual employees . . . and fail[ed] to establish any of the *Canter* factors." Hobby Lobby asserts that

the magistrate's report and recommendation, adopted by the district court, correctly concluded that Miciotto "failed to allege any specific facts to show that these individual employees had any duty to [her]." Put differently, Hobby Lobby argues that Miciotto "presented no evidence of actual knowledge other than . . . conclusory and unsupported allegations." And "general conclusory allegation[s] that Calais or Savoy had actual knowledge of the condition, without any supporting facts, [are] insufficient to support a claim against them." We agree.

In her amended petition, Miciotto alleged that Calais and Savoy "failed to warn against a known hazard or, alternatively, failed to discover and remedy the hazard as required in the exercise of reasonable care." And as Miciotto correctly argues, in some instances, knowledge plus "failure to cure the risk of harm" can be enough to create personal liability on the part of employees. *Canter*, 283 So. 2d at 721.[2] That said, the issue is that Miciotto failed to allege any specific factual allegations to substantiate her conclusory allegations, which merely track the general scope of the duty owed under Louisiana law. This matters because "Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action." *Scheffler v. Adams & Reese, LLP*, 950 So. 2d 641, 646–47 (La. 2007). Courts are thus not required to accept conclusory allegations.[3] We therefore find no error in the district court's denial of Miciotto's motion to remand.

---

[2] Miciotto contends that her allegation that Calais and Savoy had "direct responsibility" is equivalent to alleging the "delegation of a specific duty," but even if not, "a duty exists under general tort principles, independent of any delegated responsibility from [Hobby Lobby]." Because Miciotto's pleadings fall short regardless, we do not address this argument.

[3] *See also Giles v. Wal-Mart Louisiana LLC*, No. CV 16-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016) ("Plaintiff's allegation that all [d]efendants 'had actual or

No. 21-30456

## B.

Miciotto next contends that the district court erred by excluding post-accident photographs.  Again, we find no error.

For background, Hobby Lobby hired Ladybugs Parking Lot Sweeping, Inc. to repair wooden expansion joints on its premises and the adjacent premises of Hobby Lobby affiliate Mardel.  Ladybugs took photos depicting the expansion joints prior to repair.  These photos were taken in April 2018, approximately five months after Miciotto's fall.

Prior to trial, Hobby Lobby filed a motion in limine to exclude Ladybugs's photographs, contending they could confuse and mislead the jury by presenting an inaccurate representation of the sidewalk at the time of the subject accident.[4]  According to Hobby Lobby, the photos did not reflect "an accurate depiction of the scene of [the subject] incident and thus [were] not relevant" because they were taken five months after Miciotto's accident.  Hobby Lobby further asserted that Ladybugs's photographer could not say whether the photographs depicted the sidewalk outside of the Hobby Lobby store, the sidewalk outside of the neighboring store, or somewhere in between.

---

constructive knowledge' of the allegedly dangerous condition on the premises is a conclusory allegation that the [c]ourt is not required to accept and it does not amount to an allegation that [the non-diverse defendant] personally knew of the allegedly dangerous hole in the parking lot."); *Deggs v. Fives Bronx, Inc.*, No. CV 19-406-BAJ-EWD, 2020 WL 12948065, at *8 (M.D. La. Mar. 3, 2020) ("The allegation that Housley 'failed to adequately inspect and repair the subject equipment such that it was in an adequate safe working manner prior to the accident,' is the sort of conclusory allegation that this [c]ourt is not required to accept."), *report and recommendation adopted sub nom. Deggs v. Five Bronx, Inc.*, No. CV 19-00406-BAJ-EWD, 2020 WL 1442970 (M.D. La. Mar. 24, 2020).

[4] Hobby Lobby's motion also sought to exclude photographs taken by Miciotto's expert in 2020.  Miciotto does not challenge the exclusion of these photographs.

Miciotto opposed Hobby Lobby's motion, asserting that the photographs were relevant to proving Hobby Lobby's failure to exercise reasonable care because they showed widespread deterioration of the expansion joints substantially similar to the condition that caused her fall. But the district court agreed with Hobby Lobby:

> Miciotto [did] not establish[] that the condition of the sidewalk at the time of the accident was substantially similar to the condition depicted in the photographs.  The Ladybugs photographs were taken in April 2018, some five months after the incident.  Further, the person who took the photographs admits that he is not sure whether they show the portion of the sidewalk where the incident occurred.

*Miciotto v. Hobby Lobby Stores, Inc.*, No. 6:19-CV-00735, 2021 WL 220121, at *3 (W.D. La. Jan. 21, 2021).  We cannot say the district court abused its discretion in reaching this conclusion.

Abuse of discretion is a high standard.  "A district court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th 256, 263 (5th Cir. 2022) (citation and internal quotation marks omitted).  Neither is present here.  Rather, as the district court properly noted, "[t]he essential prerequisite of admissibility is relevance." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981).  And even when evidence is relevant, "[t]he court may exclude [it] if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The district court ultimately determined that, "[w]hile the photographs may be marginally relevant, any such relevance [wa]s substantially outweighed by the prejudice resulting from the jury reviewing

photographs that do not depict the sidewalk condition at the time of the accident." *Miciotto*, 2021 WL 220121, at *3.[5] Miciotto contends on appeal that the court ignored her expert report, which indicated the conditions shown in Ladybugs's photos were likely substantially similar to the conditions at the time of the accident. She also contends that Hobby Lobby had control over the entire premises, including Mardel's sidewalks, so the photographs were "relevant to proof of Hobby Lobby's prior knowledge and failure to exercise reasonable care" regardless. However, these contentions merely reflect Miciotto's disagreement with the court's assessment. Disagreement with that assessment does not make it erroneous under our standard of review. Accordingly, we affirm the court's exclusion of Ladybugs's photographs.[6]

## C.

Finally, Miciotto asserts that the district court erred by excluding portions of Stephanie Cummings's testimony from trial. We find no abuse of discretion.

Cummings was a witness to Miciotto's accident. Her discovery deposition was taken in July 2020, and her trial deposition was taken in June 2021. Hobby Lobby objected to portions of Cummings's trial testimony as

---

[5] Because Miciotto intended to illustrate the condition of the sidewalk by introducing the subject photographs, the district court noted their admissibility turned on whether the photographs were "substantially similar" to the condition at the time of the accident. *See* 1 MULLER & KIRKPATRICK, FEDERAL EVIDENCE § 9:27. (Westlaw 2016).

[6] Because we find no error in the district court's ruling, we need not reach whether Miciotto's substantial rights were affected by the ruling. *Huynh*, 30 F.4th at 458.

hearsay.[7] Although various portions of Cummings's testimony are at issue, the following quote captures the gist: "I do recall hearing someone mention that somebody had mentioned to them that something was sticking up out of the ground there. That there was a problem with something sticking up out of the ground there. I did not hear in great detail anything beyond that."

The court sustained Hobby Lobby's objections and excluded the subject testimony as hearsay. The court further concluded that the testimony did not meet the requirements for the hearsay exception provided in Federal Rule of Evidence 801(d)(2)(D).[8]

On appeal, Miciotto contends Rule 801(d)(2)(D) "clearly applied" to Cummings's testimony, and the district court provided no explanation as to why it ruled otherwise. Hobby Lobby, however, contends that Cummings's testimony was properly excluded, because "Cummings [could not] identify the employee who allegedly made the statement and her testimony [did not] have a sufficient evidentiary foundation to establish that any hearsay exception applies, including that enumerated in [Rule] 801(d)(2)(D)."

---

[7] "Simply stated, 'hearsay' is any out-of-court statement introduced in evidence for the purpose of proving the truth of the matter contained in the statement." *United States v. Williamson*, 450 F.2d 585, 589 (5th Cir. 1971); *see also* Fed. R. Evid. 801(c).

Hobby Lobby also moved for leave to file an out of time motion in limine to exclude Cummings's statements. In its proposed motion, Hobby Lobby noted its anticipation that Miciotto would attempt to "introduce an alleged statement from an unidentified Hobby Lobby employee, through the testimony of . . . Cummings, to prove that Hobby Lobby had notice of the [sidewalk] condition prior to [Miciotto's] fall." The court denied Hobby Lobby's motion for leave but addressed this issue in ruling on Hobby Lobby's objections to Cummings's testimony.

[8] Under Rule 801(d)(2)(D), a statement is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."

In her briefing, Miciotto states that while Cummings could not identify the employee who allegedly made the statement, the employee was "later determined" to be Kelly Fanguy, Hobby Lobby's front-end manager. More specifically, she states another witness, former Hobby Lobby employee Angela Akmenkalns, "testified that Fanguy made a statement at the scene that she had reported the condition to management because she (Fanguy) was afraid someone was going to fall."

Reviewing the record, we nonetheless conclude that the district court did not abuse its discretion in excluding Cummings's testimony. As pointed out by Hobby Lobby, Cummings stated several times in her depositions that she could not identify the speaker who allegedly made the subject statement. In fact, Cummings stated that she could not even recall if the speaker was a male or female, or had blonde hair or dark hair. [9] This court has previously indicated that "[a]bsent some indication of who made the [hearsay] remarks, [the remarks] fail[] to qualify as admissions by a party-opponent under Federal Rule of Evidence 801(d)(2)." *Cleveland v. Ford*, 12 F.3d 209, 1993 WL 530226, at *2 (5th Cir. Dec. 9, 1993) (unpublished). Against this backdrop, we do not discern an abuse of discretion.

## IV.

For the reasons discussed above, we find no reversible error in the district court's denial of Miciotto's motion to remand or in its evidentiary rulings.

AFFIRMED.

---

[9] At one point, Cummings stated that she thought she remembered the person being "kind of petite with shorter hair." However, Fanguy—who Miciotto alleges made the statement—testified that she did not have short hair at the time of the incident and would not describe herself as "petite" given that she was 5 feet, 7 inches tall.